UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| D'ANGELO S. MCCLURE,<br><br>   Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of the Social Security Administration,<br><br>   Defendant. | CAUSE NO. 2:20-CV-137 DRL-JPK |

OPINION & ORDER

  D'Angelo McClure seeks review of the Social Security Administration's decision denying his application for disability benefits insurance under Title II of the Social Security Act and supplemental security income benefits under Title XVI. Magistrate Judge Joshua P. Kolar recommended that the court remand the decision for further administrative proceedings. The Commissioner objects. The court agrees with the magistrate judge's recommendation to remand the case.

BACKGROUND

  Mr. McClure filed his applications for benefits on October 8, 2013, which were initially denied and again on reconsideration [R. 20, 970]. An administrative law judge (ALJ) heard his claims on September 3, 2019 [R. 1237]. In a December 5, 2019 decision, the ALJ denied Mr. McClure's petition on the basis that he could not show that he was disabled as defined by the Social Security Act [R. 967].

  The ALJ found that Mr. McClure has the following severe impairments: deep vein thrombosis; history of pulmonary embolism; epistaxis; Ollier disease with exostosis on the bilateral hips, knees, and expansile lesions on the lower extremities; enchondroma of the right mid and distal ulna; degenerative disc disease of the lumbar spine; degenerative joint disease of the upper and lower extremities; and obesity [R. 972]. The ALJ also determined that Mr. McClure had the residual

functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) [R. 975-76]. Accordingly, Mr. McClure could stand and/or walk for a total of two hours in an eight-hour workday and sit up to six hours in an eight-hour workday with normal breaks. He could lift, carry, push, and/or pull up to ten pounds occasionally and less than then two pounds frequently with normal breaks. He had to avoid climbing ladders, ropes, and scaffolds, but could climb ramps and stairs. He could occasionally balance, stoop, kneel, crouch, and crawl. He had to avoid exposure to unprotected heights, commercial driving, moving mechanical parts, and sharp objects. He could have occasional exposure to fumes, odors, dusts, gases, and poor ventilation. He could sit for 30 minutes, stand for one to two minutes, and then return to sitting, and he could elevate his legs before work, after work, and during normal breaks. [*Id.*].

Based on Mr. McClure's RFC, the ALJ found that he could perform a significant number of jobs in the national economy [R. 983]. This decision became final when the Appeals Council denied a request for review [R. 1].

Mr. McClure argued to the magistrate judge that the ALJ's decision should be reversed and remanded for further administrative review because the ALJ (1) improperly dismissed the opinion of his treating physician; (2) erred in evaluating his subjective symptoms; (3) erred in arriving at the RFC determination; and (4) improperly relied on the testimony of the vocational expert.

The magistrate judge concluded that (1) the ALJ improperly considered Dr. Shah's treating opinion; (2) the ALJ used the incorrect standard for subjective symptoms, didn't adequately describe the purported inconsistencies, and improperly emphasized daily activities; and (3) the ALJ offered no support for the RFC determination. The magistrate judge did not make any finding about the vocational expert's testimony because of these other remand issues. The Commissioner objected to the magistrate judge's findings and recommendation.

STANDARD

The magistrate judge had jurisdiction pursuant to this court's order of referral for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). The court now must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The court has authority to review the ALJ's decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: (1) is the claimant currently employed; (2) is the claimant's impairment or combination of impairments severe; (3) do his impairments meet or exceed any of the specific impairments listed that the Secretary acknowledges to be so severe as to be conclusively disabling; (4)

3

if the impairment has not been listed by the Secretary as conclusively disabling, given the claimant's residual functional capacity, is the claimant unable to perform her former occupation; (5) is the claimant unable to perform any other work in the national economy given his age, education, and work experience. 20 C.F.R. § 404.1520; *Young v. Sec'y of Health & Human Servs.,* 957 F.2d 386, 389 (7th Cir. 1992). The claimant bears the burden of proof until step five, when the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See id.*

    A.    *The ALJ's Consideration of Dr Shah's Opinion.*

To begin, "a treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Campbell v. Astrue,* 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted). An ALJ must offer "good reasons" for discounting a treating physician's opinion. *Larson v. Astrue,* 615 F.3d 744, 749 (7th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)(2)). When the ALJ does not give a treating physician's opinion controlling weight, "the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue,* 555 F.3d 556, 561 (7th Cir. 2009).

An ALJ does not need to "explicitly weigh each factor" so long as the ALJ's decision makes clear that these factors were considered. *Schreiber v. Colvin,* 519 F. Appx. 951, 959 (7th Cir. 2013). An ALJ also isn't required to mention every piece of evidence, *see Craft,* 539 F.3d at 673, but an ALJ cannot ignore entire lines of contrary evidence, *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012), especially that of a treating source. The ALJ must "confront the evidence that does not support [his] conclusion and explain why that evidence was rejected." *Moore v. Colvin,* 743 F.3d 1118, 1123 (7th Cir. 2014). It is error to analyze only the evidence that supports the Commissioner's conclusion while ignoring the evidence that undermines it. *Id.* That is the case here—just as the magistrate judge concluded.

4

Mr. McClure contends that the ALJ erred in giving Dr. Shah's opinion "little weight" as the ALJ did not address contrary evidence. In deciding to give little weight to Dr. Shah's opinion, the ALJ concluded that Dr. Shah's physical examinations of Mr. McClure "indicate[d] grossly normal physical examinations" and that "[t]he overall longitudinal treatment history shows his condition has been relatively stable and does not support the limitations in the Medical Source Statement" [R. 982]. The ALJ cites three physical examination records to conclude that Mr. McClure's condition was "relatively stable," thus inconsistent with Dr. Shah's opinion [*id.*]. But the ALJ didn't address contrary evidence in the record, specifically the records from six different physical examinations spanning multiple months that showed Mr. McClure's symptoms such as nosebleeds, chest pain, leg swelling, and shortness of breath [R. 1630, 1651, 1667, 1676-77, 1686, 1695] that would draw fairly into question a stable or relatively stable condition. The magistrate judge aptly noted the same issue with the ALJ's overlook of this contrary evidence and concluded that this should have been addressed before dismissing Dr. Shah's opinion as purportedly showing relative stability. The magistrate judge was right to recommend remand for this error, *see Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018), as well as the need for the ALJ to consider all regulatory factors.

    B.    *Subjective Symptoms.*

Mr. McClure argues that the ALJ erred in evaluating his subjective symptoms by not stating the inconsistencies with Mr. McClure's testimony and the record, and by overly emphasizing his daily activities. The magistrate judge also found that the ALJ used the incorrect evidentiary standard—the ALJ at one point saying Mr. McClure's subjective complaints weren't "fully consistent" with the record rather than whether they could "reasonably be accepted as consistent" with the record.

An ALJ follows a two-step process to evaluate a claimant's subjective complaints. First, the ALJ determines whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. §§ 404.1529(a-b) & 416.929(a-b); SSR 16-

5

3p, 2016 SSR LEXIS 4, 3 (Mar. 16, 2016). Second, once a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms is established, the ALJ evaluates the intensity and persistence of the claimant's symptoms to determine the extent to which they impose work-related functional limitations. 20 C.F.R. §§ 404.1529(a) & 416.929(a).

Because an ALJ is in the best position to evaluate the credibility of a witness, the ALJ's consideration of a claimant's symptom testimony is entitled to "special deference." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). If an ALJ's determination is grounded in the record and he articulates his analysis of the evidence "at least at a minimum level," *Ray v. Bowen*, 843 F.2d 998, 1002 (7th Cir. 1988) (citation omitted), creating "an accurate and logical bridge between the evidence and the result," *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) (citation omitted), his determination will be upheld unless it is "patently wrong," *Powers*, 207 F.3d at 435; *see also Ray v. Berryhill*, 915 F.3d 486, 490 (7th Cir. 2019) (it is a "rare case in which the claimant can overcome the 'considerable deference' [the court] afford[s] such findings unless they are 'patently wrong'") (quoting *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)); *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (remanding an ALJ's consideration of a claimant's symptom testimony because the ALJ's decision was based on "serious errors in reasoning rather than merely the demeanor of the witness").

Federal regulations list many factors an ALJ should consider when evaluating a claimant's symptoms, including pain. *See* 20 C.F.R. § 416.929(c). These factors include the objective medical evidence; the claimant's prior work record; statements made by the claimant about his symptoms; the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken for symptoms; treatment for symptoms (other than medication); and any other measures used to relieve symptoms. 20 C.F.R. § 416.929(c)(1-3).

The Commissioner objects to the magistrate judge's finding that the ALJ used the wrong standard in discussing subjective symptoms. The ALJ stated that "the claimant's allegations are not fully consistent with the evidence" [R. 981], and such a standard would be error. The correct standard to apply is whether a claimant's allegations "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 416.929(a); *Minger v. Berryhill*, 307 F.Supp.3d 865, 871 (N.D. Ill. 2018). Some courts have found the ALJ's boilerplate problematic, *see id.*; *Bancolita v. Berryhill*, 312 F.Supp.3d 737, 744 (N.D. Ill. 2018), though others have decided that the inclusion of such language alone doesn't necessitate remand, *see Giboyeaux v. Comm'r of Soc. Sec.,* 2020 U.S. Dist. LEXIS 14868, 11 (N.D. Ind. Jan. 9, 2020) (Collins, J.) (collecting cases); *see also Oliver v. Saul*, 2020 U.S. Dist. LEXIS 55894, 11 (N.D. Ind. Mar. 31, 2020) (Kolar, J.) ("This language is not necessarily fatal so long as the ALJ fully explains his decision and a 'commonsensical reading' of the entire decision suggests no error."). The court likewise falls within the latter camp; but, even were the ALJ's reference to the standard here not literal but passing, the ALJ erred in the subjective symptom determination.

Though the ALJ details both the objective evidence and Mr. McClure's subjective symptoms, there is little discussion of Mr. McClure's subjective symptoms in comparison to the rest of the evidence. The ALJ plainly states that Mr. McClure's allegations are not "consistent" with the record followed by a one-paragraph, brief description of Mr. McClure's treatment, duration spent in emergency rooms, physical examinations, and daily activities [R. 981]. The ALJ listed some subjective and objective evidence in his decision, but he didn't adequately build a logical bridge to his conclusion. Without any analysis of how subjective symptoms, time spent in the emergency room, or capability in daily activities are either consistent or inconsistent with specific portions of evidence in the medical record, there is no "logical bridge" between the evidence and the ALJ's conclusion. *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011) ("the ALJ must explain [his] decision in such a way that allows us to determine whether [he] reached [his] decision in a rational manner, logically based on [his] specific

findings and the evidence in the record."). The magistrate judge's decision thoroughly explained the errors in this respect, so the court remands the case.

        C.        *Residual Functional Capacity.*

The Commissioner objects to the magistrate judge's finding that the ALJ offered no support for the RFC determination that Mr. McClure could work if he elevated his legs before and after work, and during normal work breaks. The RFC is the maximum a claimant can still do despite their limitations. *Craft*, 539 F.3d at 675-76 (citing 20 C.F.R. § 404.1545(a)(1)). It is based on medical evidence and testimony by the claimant or others. *Id.* at 676 (citing 20 C.F.R. § 404.1545(a)(3)). The ALJ must determine "which treating and examining doctors' opinions should receive weight and must explain the reasons for that finding." *Id.* (citing 20 C.F.R. §§ 404.1527(d), (f)). The ALJ must consider "all medically determinable impairments, physical and mental, even those that are not considered severe." *Id.* (citing 20 C.F.R. §§ 404.1545(a)(2), (b), (c)). An ALJ cannot simply disregard evidence; instead, the "ALJ must explain why he does not credit evidence that would support strongly a claim of disability, or why he concludes that such evidence is outweighed by other evidence." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 621 (7th Cir. 2010). Last, the determination of a claimant's RFC is a legal decision rather than a medical one. *See Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995).

An ALJ's decision is erroneous if he doesn't build a logical bridge from the evidence to his conclusion. *O'Connor-Spinner*, 627 F.3d at 618. Once more, though he needn't "specifically address every piece of evidence," *id.*, he cannot "simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding," *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

The RFC determination gave varying weight to portions of opinion evidence presented by Dr. Smiley, a medical expert. The ALJ gave "great weight" to Dr. Smiley's testimony that supported the finding of a non-disability, more specifically that Mr. McClure had mostly normal physical

8

examinations and a stable condition [R. 982]. Whereas the ALJ gave the doctor's opinion on Mr. McClure's ability to work a sedentary job if he could "prop up his leg when he needs to prop it up" and do so "periodically through the day" only "some weight" [R. 982, 1029-31]. Like the magistrate judge, the court finds no such supporting evidence cited by the ALJ to suggest why Dr. Smiley's testimony regarding leg elevation was given less weight than other portions.

Contrary to Dr. Smiley's medical opinion, the ALJ determined that Mr. McClure could elevate his legs "prior to work, during normal breaks, and after work," rather than as needed, citing Mr. McClure's testimony that he only elevated his legs once or two times per day for one to two hours [R. 983]. The ALJ made a medical decision in favor of a more expansive view of Mr. McClure's medical ability despite Dr. Smiley's medical opinion stating otherwise, and as to when that need would arise as symptoms worsened, not at specific intervals. The ALJ must rely on expert opinions, such as Dr. Smiley's, instead of determining the significance of particular medical findings. *See Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018); *see also Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) (remanding where the ALJ "play[ed] doctor" by summarizing the MRI results without subjecting them to professional medical scrutiny). "Common sense can mislead; lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990).

The Commissioner chalks the ALJ's determination up to a matter of interpretation arguing that Dr. Smiley's use of the word "periodically" supports the ALJ's finding. Taken together, Dr. Smiley's use of the phrases "periodically" *and* "when he needs to prop it up" would not lead a reasonable mind to interpret this as meaning only during designated periods of the workday, but rather when Mr. McClure needs. *See Richardson*, 402 U.S. at 401. This error too requires remand.

D.   *Vocational Expert Testimony.*

The court agrees with the magistrate judge that because the court remands for other reasons that could affect the RFC determination, it need not reach a determination on this issue. If the

evidence on the record supports a more limiting view of the work Mr. McClure can engage in, the vocational expert's testimony may well be altered as to the job number estimate; therefore, affecting the ALJ's step five determination.

## CONCLUSION

Accordingly, the court OVERRULES the Commissioner's objections to the report and recommendation (ECF 24), ADOPTS the well-reasoned recommendation, and REMANDS the case to the ALJ for a rehearing consistent with this opinion.

SO ORDERED.

September 21, 2021                     *s/ Damon R. Leichty*
                                       Judge, United States District Court